**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ROBINSON PHILLIPS COAL COMPANY,
Petitioner,

v.

JOHN CHARLES MCNEW; DIRECTOR,

No. 97-1974

OFFICE OF WORKERS' COMPENSATION
PROGRAMS, UNITED STATES
DEPARTMENT OF LABOR,
Respondents.

On Petition for Review of an Order
of the Benefits Review Board.
(95-2080-BLA, 94-1888-BLA)

Argued: May 4, 1998

Decided: September 16, 1998

Before WILKINSON, Chief Judge, WILKINS, Circuit Judge, and
BLAKE, United States District Judge for the
District of Maryland, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Douglas Allan Smoot, JACKSON & KELLY, Charles-
ton, West Virginia, for Petitioner. Jennifer U. Toth, UNITED
STATES DEPARTMENT OF LABOR, Washington, D.C., for
Respondent Director; S.F. Raymond Smith, RUNDLE & RUNDLE,

L.C., Pineville, West Virginia, for Respondent McNew. **ON BRIEF:** Martin E. Hall, John W. Walters, JACKSON & KELLY, Lexington, Kentucky, for Petitioner. J. Davitt McAteer, Acting Solicitor of Labor, Donald S. Shire, Associate Solicitor for Black Lung Benefits, Patricia M. Nece, Counsel for Appellate Litigation, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Respondent Director.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Robinson Phillips Coal Company ("Robinson"), the employer, appeals the decision of the Benefits Review Board ("BRB") upholding a finding of the administrative law judge ("ALJ") that John McNew, a coal miner for at least twenty years, was entitled to benefits under the Black Lung Benefits Act, 30 U.S.C.A.§§ 901-945 (West 1986 & Supp. 1998) ("the Act"). For the reasons stated below, we affirm the BRB's decision granting benefits.

The procedural background of this case is relatively straightforward. On September 2, 1993, McNew filed a "duplicate" claim for benefits.* The Office of Workers' Compensation Programs ("OWCP") found he was entitled to benefits and referred the case for

_____

*McNew's first application for benefits was filed in 1973 and denied in 1980. Accordingly, his "duplicate" claim filed in 1993 was subject to automatic denial absent proof of a "material change in conditions." 20 C.F.R. § 725.309(d) (1998); see Lisa Lee Mines v. Director, OWCP, 86 F.3d 1358 (4th Cir. 1996) (en banc), cert. denied, 117 S.Ct. 763 (1997) (interpreting the "duplicate" claim regulation). Noting the negative X-rays at the time of McNew's first application, and finding that he has since contracted black lung disease and been totally disabled by it, the ALJ therefore found a material change in conditions. (J.A. at 304).

2

a formal hearing before an ALJ, at Robinson's request. ALJ Edith Barnett heard the case on February 14, 1995, and issued her decision and order awarding benefits on August 7, 1995. Robinson appealed to the BRB, which affirmed the ALJ's decision on May 29, 1997. This appeal followed.

Under the relevant regulations, in order to establish that he is entitled to benefits a claimant must prove by a preponderance of the evidence that: "(1) he has pneumoconiosis; (2) the pneumoconiosis arose out of his coal mine employment; (3) he has a totally disabling respiratory or pulmonary condition; and (4) pneumoconiosis is a contributing cause to his total respiratory disability." Milburn Colliery Co. v. Hicks, 138 F.3d 524, 529 (4th Cir. 1998), citing Robinson v. Pickands Mather & Co., 914 F.2d 35, 36, 38 (4th Cir. 1990); 20 C.F.R. § 718.201-.204 (1998). Robinson challenges the ALJ's decision on all elements except total disability.

As recently stated by the Fourth Circuit:

> We review claims for benefits under the Act to determine whether substantial evidence supports the ALJ's findings of fact. See Dehue Coal Co. v. Ballard, 65 F.3d 1189, 1193 (4th Cir. 1995). Substantial evidence is "more than a mere scintilla." Consolidated Edision Co. v. NLRB , 305 U.S. 197, 229 (1938). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. In determining whether substantial evidence supports the ALJ's factual determinations, we must first address whether all of the relevant evidence has been analyzed and whether the ALJ has sufficiently explained his rationale in crediting certain evidence. See Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439 (4th Cir. 1997). We review the ALJ's and the Board's conclusions of law de novo to determine whether they are rational and consistent with applicable law. See Dehue, 65 F.3d at 1193.

Milburn, 138 F.3d at 528. On review, the BRB found that the ALJ acted permissibly within her discretion as a fact-finder, and accordingly affirmed her opinion. Because we find that the ALJ sufficiently analyzed the relevant evidence, adequately explained her reasons for

3

crediting certain evidence and discrediting others, and did not err as a matter of law, and because the decision she reached is supported by substantial evidence, we affirm the award of benefits.

Under § 718.202(a), the existence of pneumoconiosis may be proved by any one of four methods. 20 C.F.R. § 718.202(a) (1998). The two relied on by the ALJ are (a)(1), chest X-rays in certain classi-fication categories, and (a)(4), a physician's report exercising sound medical judgment based on objective medical evidence. Id. Like the BRB, because we affirm the ALJ's decision under (a)(4), we do not consider her decision under (a)(1).

The ALJ's opinion demonstrates that she carefully considered and weighed the numerous x-ray reports, other objective medical evi-dence, and the reports of the various physicians who examined McNew. She explained her findings, in part, as follows:

> I find that Dr. Rasmussen's opinion that claimant has pneumoconiosis is the most well-reasoned and persuasive of these opinions, because it includes the most comprehensive analysis of all the elements of claimant's occupational and medical history. It is also supported by the findings of the West Virginia OPB. On the other hand, Dr. Vasudevan's opinion is conclusory, and fails to discuss the evidence of Dr. Ranavaya's positive x-ray reading and claimant's occu-pational history. Dr. Zaldivar's opinion that his own positive chest x-ray reading, and diagnosis of pulmonary fibrosis, does not show pneumoconiosis, is unsupported by medical authority, in contrast to Dr. Rasmussen's opinion. Dr. Zaldi-var also fails satisfactorily to explain why claimant's occu-pational history has nothing to do with his lung condition.

(J.A. at 306). For these and other reasons, she concluded that McNew had met his burden of showing that he had pneumoconiosis.

Robinson and the federal respondent, OWCP, challenge that part of the ALJ's reasoning where she notes that Dr. Vasudevan's diagnosis of chronic obstructive pulmonary disease ("COPD") and Dr. Zaldi-var's diagnosis of pulmonary fibrosis "support a finding of legal pneumoconiosis." Id. As the ALJ acknowledges in the same para-

4

graph, "legal pneumoconiosis" requires a finding of both (1) a chronic pulmonary disease or pulmonary impairment and (2) that the disease or impairment is significantly related to, or substantially aggravated by, dust exposure in coal mine employment. Id. To note that the diagnoses of COPD and pulmonary fibrosis"support" a finding of legal pneumoconiosis is thus correct as to the first element; the ALJ did not suggest that these diagnoses were sufficient in themselves, but rather relied on Dr. Rasmussen's opinion that the cause of McNew's pulmonary condition was coal mine dust exposure, as well as cigarette smoking, rather than Dr. Vasudevan's opinion that McNew's COPD was due entirely to cigarettes or Dr. Zaldivar's opinion that McNew had pulmonary fibrosis of "unidentified etiology." Id. The ALJ adequately explained her reasons for doing so, and any overbreadth of language in that portion of her opinion is not sufficient to undermine her conclusions.

On the second element, whether the pneumoconiosis arose from coal mine employment, the ALJ applied the rebuttable presumption arising under § 718.203(b) where a claimant has ten or more years of coal mine employment. 20 C.F.R. § 718.203(b) (1998). McNew claimed 37 years of coal mine employment, and the parties stipulated that he had at least twenty years. Based on her evaluation of the various medical reports, as discussed above, the ALJ found the opinions of the employer's physicians insufficient to rebut the presumption.

As to the third and fourth elements, a totally disabling respiratory or pulmonary impairment at least partially caused by the pneumoconiosis, the ALJ again relied on the report of Dr. Rasmussen and the West Virginia Occupational Pneumoconiosis Board's ("OPB") finding of a 15% functional impairment due to pneumoconiosis in rejecting Dr. Vasudevan's "conclusory" statement that McNew had no impairment and Dr. Zaldivar's opinion that McNew's respiratory disability was unrelated to his coal mine employment. She concluded that McNew had proven total disability by a preponderance of the evidence under § 718.204(c)(4). 20 C.F.R. § 718.204(c)(4) (1998).

On this issue, Robinson argues that Dr. Rasmussen's opinion that the disability was caused, in part, by coal mine dust exposure should be discredited because he is a non-examining physician and no examining physician reached the same conclusion. As the OWCP notes in

5

its brief, however, this court emphasized in <u>Grizzle v. Pickands Mather & Co.</u>, that the opinion of a non-examining physician "`can be relied upon when it is consistent with the record.'" 994 F.2d 1093, 1098 (4th Cir. 1993) (quoting <u>Gordon v. Schweiker</u>, 725 F.2d 231, 235 (4th Cir. 1984)). <u>See also Milburn</u>, 138 F.3d at 533; <u>Sterling Smokeless Coal Co. v. Akers</u>, 131 F.3d 438, 441-42 (4th Cir. 1997). Dr. Rasmussen's opinion finds support from the other medical and objective evidence in the record, which he considered in reaching his conclusions, and the fact that he disagrees with the examining physicians is not sufficient to discredit his opinion.

Accordingly, the decision of the Board is

<u>AFFIRMED</u>.

6